

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| USHIO KAWAI, | § | |
|       Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:17-00492-MGL |
| | § | |
| DEOIS UaCEARNAIGH, | § | |
|       Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

## I.  INTRODUCTION

Plaintiff filed this action to enforce an affidavit of support pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1183a(a).  The Court has jurisdiction over the matter under 28 U.S.C. § 1331.  Pending before the Court is Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, motion for summary judgment (Defendant's motion).  Having carefully considered Defendant's motion, the response, the reply, the record, and the applicable law, the Court will grant Defendant's motion to dismiss under Rule 12(b)(1) to the extent it will abstain from exercising jurisdiction under the *Younger* abstention doctrine.

## II.  FACTUAL AND PROCEDURAL HISTORY

The factual history of this case is substantially undisputed.  Plaintiff is a citizen of Japan residing in the United States on a student visa.  Defendant is a United States citizen.  On August 10, 2013, Plaintiff and Defendant married, and they now have two children of the marriage, both

born in the United States. In 2014, Plaintiff applied for permanent residency in the United States, securing Defendant to act as her sponsor. In support of Plaintiff's application, on March 21, 2014, Defendant completed and executed an I-864 Affidavit of Support (I-864 Affidavit). Pursuant to the I-864 Affidavit, Defendant committed to provide any support necessary to Plaintiff to ensure an income equal to at least 125% of the federal poverty line. Since the time of the sponsorship, Plaintiff has been a full-time graduate student seeking a Ph.D. Consequently, she is currently unemployed. The parties separated on or about June 28, 2016.

At that time, Defendant brought an action in the Family Court for Richland County (Family Court Action), seeking to prevent Plaintiff from leaving the United States with his children. The Family Court held multiple hearings, which culminated in written instructions on October 17, 2016. These instructions, among other things, denied Plaintiff's request for temporary spousal support from Defendant.

On November 22, 2016, Plaintiff filed a Petition to Remove Conditions on Residence by Form I-751 (I-751 Petition) with the United States Citizenship and Immigration Services (USCIS), wherein she acknowledged her conditional residency status and requested changes in the same. The USCIS extended her conditional resident status for one year, presumably until November 24, 2017.

The Family Court then filed its Temporary Order on December 13, 2016, confirming its denial of Plaintiff's request for temporary spousal support from Defendant. The Family Court Action remains pending as the parties seek a divorce. The parties disagree regarding whether the I-864 Affidavit has been raised as a basis for support in the Family Court Action.

Plaintiff subsequently filed this case seeking to enforce the I-864 Affidavit executed by Defendant under 8 U.S.C. § 1183a(a). Defendant then filed his motion to dismiss or in the alternative for summary judgment, to which Plaintiff filed her response in opposition and Defendant filed his reply. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Defendant's motion.

## III. STANDARD OF REVIEW

Federal courts have limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority at any time to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If the defendant contends the pleading fails to allege facts upon which subject matter jurisdiction can be based, then "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1989). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## IV. CONTENTIONS OF THE PARTIES

In Defendant's motion, he contends he is entitled to a dismissal of this action under both

the *Younger* abstention doctrine and the *Colorado River* abstention doctrine due to the pending Family Court Action. Defendant, in support of his *Younger* abstention argument, avers the Family Court Action involves matters of support and property in the context of the parties' anticipated divorce and encompasses this action because the I-864 Affidavit is a contract for support entered into during the parties' marriage. Defendant stresses the Family Court has jurisdiction to consider the I-864 Affidavit in the context of determining support in the Family Court Action. Thus, Defendant seeks dismissal pursuant to *Younger* abstention due to the pending Family Court Action. Defendant also requests dismissal under *Colorado River* abstention because the Family Court and this Court exercise concurrent jurisdiction, and the factors weigh in favor of abstention. In addition, Defendant desires dismissal under 8 C.F.R. § 213a.2(e)(2) because Plaintiff ostensibly has forfeited any right to rely upon the I-864 Affidavit in light of her I-751 Petition before the USCIS. Finally, Defendant urges dismissal under the pending action doctrine.

Plaintiff disputes Defendant's assertions regarding *Younger* and *Colorado River* abstention, but fails to respond to Defendant's arguments for dismissal under § 213a.2(e)(2) or the pending action doctrine. In Defendant's reply, he alternatively seeks a stay of this action pending resolution of the Family Court Action.

## V. DISCUSSION AND ANALYSIS

As a threshold matter, the Court must determine whether it properly has subject matter jurisdiction over the action.

Plaintiff seeks to enforce the I-864 Affidavit executed by Defendant, which creates an

enforceable contract wherein the sponsor promises to financially support the sponsored alien at 125% of the poverty level. *See* 8 U.S.C. § 1183a. The Immigration and Nationality Act forbids admission to the United States of any alien who "is likely at any time to become a public charge." 8 U.S.C. § 1182(a)(4); 8 C.F.R. § 213a.2(a). "Persons who would be inadmissible for this reason may become admissible if a sponsor executes the affidavit of support." *Erler v. Erler*, 824 F.3d 1173, 1175 (9th Cir. 2016) (citing 8 U.S.C. § 1183a(a)(1)). "Once executed, the affidavit becomes a contract between the sponsor and the U.S. Government for the benefit of the sponsored immigrant . . . ." *Id.* (citing 8 C.F.R. § 213a.2(d)).

The Immigration and Nationality Act authorizes suit "in any appropriate court . . . by a sponsored alien" "to enforce an affidavit of support executed under" section 1183a(a). 8 U.S.C. § 1183a(e). "The suit thus arises under federal law, making the federal district court an appropriate court in which to bring the suit." *Liu v. Mund*, 686 F.3d 418, 419 (7th Cir. 2012) (internal quotation marks omitted). Notably, this "right of support conferred by federal law exists apart from whatever rights [a sponsored alien] might or might not have under [state] divorce law." *Id.* at 419-20.

Thus, § 1183a(e) authorizes Plaintiff, as the sponsored alien of the I-864 Affidavit executed by Defendant, to bring suit to enforce the I-864 Affidavit, and this action therefore arises under federal law pursuant to 28 U.S.C. § 1331.

Also relevant to this inquiry, though, is whether the applicable abstention doctrines raised by Defendant bar this Court's review of Plaintiff's action. The Court first turns to Defendant's argument the Court should dismiss the case under the *Younger* abstention doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held a federal

5

court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). *Younger* abstention applies "as well 'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 351 (4th Cir. 2005) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The area of family relations is a core source of state authority and thus is an "important" state interest. *Id.*

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has derived the following test to determine when abstention is appropriate: (1) "there are ongoing state judicial proceedings"; (2) "the proceedings implicate important state interests"; and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex*, 457 U.S. at 432). In weighing the application of *Younger*, the Court heeds the "basic proposition that 'abstention from the exercise of federal jurisdiction is the exception, not the rule.'" *Emp'rs Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995) (quoting *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984)). Even where *Younger* abstention is at issue, federal courts have a "'virtually unflagging obligation . . . to exercise the jurisdiction given.'" *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Applying the above standards to the instant matter, it is undisputed the parties are currently embroiled in divorce proceedings in the Family Court Action. As noted above, the Family Court Action has been pending since on or about June 28, 2016. Consequently, the Family Court Action predates this action, and the first factor is met because there are ongoing state judicial

proceedings involving the parties.

Additionally, it is uncontroverted the Family Court Action implicates important state interests. As stated, the Family Court Action involves divorce, an area of family law, which is a core source of state authority and thus is an "important" state interest. *See Harper*, 396 F.3d at 351. Moreover, the Family Court Action involves the issue of spousal support, as seen in the Temporary Order issued by the Family Court on December 13, 2016. Thus, the second factor is also met.

The final factor, whether there is an adequate opportunity to raise the federal claim in the Family Court Action, is likewise met. The parties have failed to provide any indication the Family Court would avoid appropriately considering Plaintiff's claim for support under the I-864 Affidavit. Although the Family Court entered a Temporary Order on December 13, 2016, denying Plaintiff's request for temporary spousal support, the divorce proceedings remain ongoing, and Plaintiff certainly has the opportunity to raise her claim for support under the I-864 Affidavit in the Family Court Action.

Plaintiff, in opposing Defendant's motion, relies on *Montgomery v. Montgomery*, 764 F. Supp. 2d 328 (D.N.H. 2011), for the proposition *Younger* abstention does not apply unless a federal proceeding would interfere with an ongoing state proceeding by either enjoining the state proceeding or having the practical effect of doing so. *See id.* at 333 (citing *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 70 (1st Cir. 2005)). As explained above, however, the Fourth Circuit utilizes a different test in determining whether *Younger* abstention is appropriate, in which the element of interference is absent. *See Martin Marietta Corp.*, 38 F.3d at 1396. Plaintiff's opposition is therefore unavailing.

7

For all the foregoing, the Court determines, although it has subject matter jurisdiction over this matter, the best course of action is to allow the Family Court to consider all claims of spousal support in the Family Court Action. The Court notes Defendant appears to have raised the issue of Plaintiff's claim for support under the I-864 Affidavit in the Family Court Action, *see* ECF No. 12-2 at 2, and the Court has no reason to doubt the competence of the state tribunal to appropriately consider federal questions in determining matters of paramount state interest, as those presented in this matter. Therefore, the Court holds abstention to be proper with regard to Plaintiff's claim for support under the I-864 Affidavit, and the Court will thus grant Defendant's motion under Rule 12(b)(1) to the extent it will abstain from exercising its jurisdiction under *Younger*.

Given these holdings are dispositive of the issues before the Court, the Court need not address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendant's motion under Rule 12(b)(1) is **GRANTED** to the extent the Court abstains from exercising jurisdiction over Plaintiff's claims pursuant to the *Younger* abstention doctrine.

**IT IS SO ORDERED**.

Signed this 14th day of April, 2017, in Columbia, South Carolina.

                                        s/Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE